McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>　　　v.<br>LNU (aka FRANCISCO LOYA-SOLARZANO, aka "Uncle," aka "Pancho")<br>ELIAS HERNANDEZ VALENCIA (aka "Pistola")<br>FILIBERTO MADRIGAL (aka "Fily")<br>LUIS ARMANDO RIOS GARCIA (aka "Pee Wee")<br>GEORGINA CARRILLO AYALA<br>HECTOR GOMEZ-GARCIA<br>JOSE FRANCISCO BUENAVIDA (aka "Canas")<br>ENRIQUE BUENAVIDA<br>JOSE ANTONIO PANTOJA ESTRADA<br>KELLY DUANE HUGHES<br>JERRY CURTIS FOSTER<br>BART RICHARD HUGHES<br>JOSE MANUEL RODRIGUEZ (aka "Manny")<br>ROBERTO MERCADO-RANGEL,<br>　　　　　　　　Defendants. | CASE NO. 2:18-CR-164-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: February 11, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>　　　v.<br>LUIS ARMANDO RIOS GARCIA<br>　　　　　　　　Defendant. | CASE NO. 1:19-CR-100-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: February 11, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

1

1     These related cases were set for status conferences on February 11, 2021. The undersigned
2 parties now jointly request to move the status conferences for both matters to May 13, 2021, and to
3 exclude time under the Speedy Trial Act, pursuant to the Court's General Orders, issued in the interest
4 of public health and safety in response to the COVID-19 pandemic, and pursuant to Local Code T4 as
5 well, for the reasons set forth below.
6     On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the
7 Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to
8 continue all criminal matters to a date after June 1. This and previous General Orders were entered to
9 address public health concerns related to COVID-19.
10    Although the General Orders address the district-wide health concern, the Supreme Court has
11 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
12 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
13 *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no
14 exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at
15 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
16 judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
17 or in writing").
18    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
19 and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice
20 continuances are excludable only if "the judge granted such continuance on the basis of his findings that
21 the ends of justice served by taking such action outweigh the best interest of the public and the
22 defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless
23 "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the
24 ends of justice served by the granting of such continuance outweigh the best interests of the public and
25 the defendant in a speedy trial." *Id.*
26    The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
27 T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
28 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] The parties note that, by signing the proposed order below, the Court will have designated a new date for the status conferences. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

1. By this stipulation, the following defendants now move to continue the status conferences in the related matters to May 13, 2021, and to exclude time between February 11, 2021, and May 13, 2021, under Local Code T4, as well as under the Court's General Orders:

    a) ELIAS HERNANDEZ VALENCIA (aka "Pistola")
    b) FILIBERTO MADRIGAL (aka "Fily")
    c) LUIS ARMANDO RIOS GARCIA (aka "Pee Wee")
    d) GEORGINA CARRILLO AYALA
    e) JOSE ANTONIO PANTOJA ESTRADA
    f) JOSE MANUEL RODRIGUEZ (aka "Manny")

2. These parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes seven compact discs, containing over 400 pages of investigative reports, surveillance photographs, surveillance video, and T-III wiretap transcripts. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

       b)       Counsel for defendants desire additional time to continue to review discovery, conduct investigation, communicate with the government and their respective clients, discuss possible resolutions, and prepare for trial.  The continuance is necessary to ensure continuity of counsel and for defense preparation.

       c)       Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       d)       The government does not object to the continuance.

       e)       Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

       f)       As to both cases, for the purpose of computing time for these defendants under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 11, 2021 to May 13, 2021, inclusive, is deemed excludable pursuant to the Court's General Orders, in the interest of public health and safety, and 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.       In regard to the defendant JOSE FRANCISCO BUENAVIDA (aka "Canas"), the government and counsel for this defendant agree and stipulate, and ask that the Court find, that the defendant's whereabouts are currently unknown, despite the exercise of due diligence.  The parties therefore ask that the Court find that for the purposes of computing time for this defendant under the Speedy Trial Act, within which trial must commence, the time period of February 11, 2021 to May 13, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(3)(A) & (B) [Local Code M].

4.       Defendants KELLY DUANE HUGHES, JERRY CURTIS FOSTER, and BART RICHARD HUGHES have entered guilty pleas in this matter and been sentenced.  ROBERTO MERCADO-RANGEL has entered a guilty plea in this matter and is awaiting sentencing.

5.       The defendants not mentioned in this stipulation have not yet appeared in this matter.

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT     4

6.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED**.

Dated:  February 8, 2021

McGREGOR W. SCOTT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  February 8, 2021

/s/ HAYES GABLE III
HAYES GABLE III
Counsel for Defendant
ELIAS HERNANDEZ VALENCIA

Dated:  February 8, 2021

/s/ TONI WHITE
TONI WHITE
Counsel for Defendant
FILIBERTO MADRIGAL

Dated:  February 8, 2021

/s/ PETER KMETO
PETER KMETO
Counsel for Defendant
LUIS ARMANDO RIOS GARCIA

Dated:  February 8, 2021

/s/ TASHA PARIS CHALFANT
TASHA PARIS CHALFANT
Counsel for Defendant
GEORGINA CARRILLO AYALA

Dated:  February 8, 2021

/s/ OLAF HEDBERG
OLAF HEDBERG
Counsel for Defendant
JOSE FRANCISCO BUENAVIDA

Dated:  February 8, 2021

/s/ DINA SANTOS
DINA SANTOS
Counsel for Defendant
JOSE PANTOJA ESTRADA

Dated:  February 8, 2021

/s/ DAVID D. FISCHER
DAVID D. FISCHER
Counsel for Defendant
JOSE RODRIGUEZ

**ORDER**

IT IS SO ORDERED.

DATED:  February 10, 2021

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE